## TIME FINANCE CO. v. VARNEY.

Court of Appeals of Kentucky.
Dec. 5, 1952.

Stratton & Stratton, Pikeville, K. C. Davis, Louisville, for appellant.

James B. Stephenson and Abner May, Pikeville, for appellee.

CAMMACK, Chief Justice.

This is an appeal from a judgment enjoining the Time Finance Company from further prosecuting in West Virginia a suit on a note against Carl Varney. The Company is authorized to conduct a small loan business in Kentucky. It is also authorized to conduct its business in West Virginia, and it has an office in that state at Williamson. Carl Varney lives in Pike County, Kentucky. In October, 1949, he borrowed $300 through the Company's office in Williamson. The note provided it be paid in 20 monthly installments of $20.52 each, including interest. When Varney was sued on the note in October, 1950, he had paid the Company only $37.62 on the principal and interest. Varney worked for the Eastern Coal Company, which was operating a mine in Pike County. The headquarters for the Coal Company and its payroll offices are located in Bluefield, West Virginia. That city is in the magisterial district of Justice of the Peace J. A. Bailey. The Company filed its suit against Varney in Magistrate Bailey's court. Publication service was had against Varney and garnishment on the Coal Company. Shortly after the institution of that action Varney filed the injunctive action now before us in the Pike Circuit Court. Subsequently, a judgment was entered against Varney in Magistrate Bailey's court. It was stipulated that Varney still owed the Company $299.88, with interest, at the West Virginia small loan rate from February 9, 1950. This was the amount sued for in the West Virginia action.

A court of equity has power to enjoin a resident from prosecuting a suit against another resident in a foreign jurisdiction, but this power is to be used sparingly. Reed's Adm'x v. Illinois Central R. Company, 182 Ky. 455, 206 S.W. 794. But it is equally true that one who seeks equity must come into court with clean hands. Varney admitted he owed the balance on the note. Apparently, the only thing which he seeks to avoid is the application of the West Virginia law, which directs the employer to withhold 20 per cent of the employee's wages when under garnishment. Section 3834(3) West Virginia Code, 38-5A-3. In November, 1950, Varney made $316. The amount withheld was $62.

It was through his own choice that Varney obtained his loan at Williamson rather than at Pikeville. The fact that the distance is about four times as great from his home to Bluefield, West Virginia, as it is to Pikeville would not warrant the exercise of the extraordinary powers of a court of equity to enjoin the prosecution of the suit in West Virginia. Actually, Varney had no defense to the West Virginia suit.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.